```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**SANFORD LAMAR BAILEY, JR.**                                      **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:05-cv-266-WHB-JCS**

**CITY OF RIDGELAND, MISSISSIPPI;**
**GENE McGEE, Individually, and**
**MIKE CROOK, Individually**                                       **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on two related motions, the Motion of Plaintiff to Reopen, and the Motion of Defendants for Sanctions. After considering the pleadings,[1] attachments thereto, as well as supporting and opposing authorities, the Court finds that neither motion is well taken, and both should be denied.

### I.  Procedural History

On April 27, 2005, Plaintiff, Sanford Lamar Bailey, Jr., ("Bailey") filed a Complaint in this Court alleging that Defendants had violated his rights as protected under the First, Fourth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution, and had violated Title II of the Civil Rights Act of 1964. On June 2, 2006, the Court entered an Opinion and Order granting summary judgment in favor of Defendants. A Final Judgment dismissing the case with prejudice was entered the same day. Bailey's Motion to Reconsider was denied on June 30, 2006.

---

[1] As Plaintiff is proceeding in this case *pro se*, his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Bailey appealed the decision of this Court to the United States Court of Appeals for the Fifth Circuit, where it was docketed as No. 06-60672.  On December 6, 2006, upon the filing of a Motion to Stay in the appellate court, the Fifth Circuit dismissed the appeal without prejudice, and granted the parties 180 days in which to seek to reinstate the appeal.  See Bailey v. City of Ridgeland, et al., No. 06-60672, slip op. (5th Cir. Dec. 6, 2006).  The Order of the Fifth Circuit specifically provided that in the event the parties did not seek reinstatement within the specified 180-day period, the appeal would be considered dismissed with prejudice.  Id.  Bailey's untimely requests for reinstatement of the appeal were denied by the Fifth Circuit.  See Bailey v. City of Ridgeland, et al., No. 06-60672, slip op. (5th Cir. Aug. 8, 2007)(denying Motion for Reinstatement); Bailey v. City of Ridgeland, et al., No. 06-60672, slip op. (5th Cir. Sept. 7, 2007) (denying Motion for Rehearing on Motion for Reinstatement).

Bailey now moves to re-open this case pursuant to Rules 60(b) and (d) of the Federal Rules of Civil Procedure.  In addition to responding to Bailey's Motion, Defendants have moved for sanctions.

## II.  Discussion

**A.  Motion to Re-open**

Bailey has moved for relief under subsections (1), (2), (3), and (6) of Rule 60(b) of the Federal Rules of Civil Procedure.  See

2

Mot. to Re-Open, at 5.  These provisions provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>     ....
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Additionally, under the federal rules, "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Id. at 60(c).

In the present case, the Final Judgment from which Bailey seeks relief was entered on June 2, 2006.  Under the plain language of Rule 60(c), Bailey was required to file his motion for relief for the reasons set forth in Rule 60(b)(1)-(3) within one year of the date on which that judgment was entered.  As Bailey did not file the subject Motion to Re-open until May 12, 2008, the Court finds that the Motion, to the extent it seeks relief under Rule 60(b)(1), (2), and/or (3), must be denied as untimely.  See FED. R. CIV. P. 60(c).  See also Wilson v. Johns-Manville Sales Corp., 873

F.2d 869, 871-72 (5th Cir. 1989) (finding that a Rule 60(b) was correctly denied in a case in which the motion was filed more than one year after the final judgment was entered by the district court).

Bailey also seeks relief under Rule 60(b)(6). Interpreting this Rule, the Fifth Circuit has held "that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005) (citing Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 792 (5th Cir. 1971)). In other words, "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." Id. (citing Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002)). Thus, Bailey cannot obtain relief under 60(b)(6) if the allegations supporting his motion under that provision are essentially identical to those raised in support of his motion under Rule 60(b)(1)-(3). Id.

In the present case, Bailey seeks relief under Rule 60(b)(1)-(3) on allegations that Defendants "concealed, withheld, and suppressed" both evidence and the identity/location of key witnesses, and that only through his "persistent efforts" has he now been able to discover and obtain the evidence. Bailey has not provided any additional or separate allegations in support of his Motion to Re-open under Rule 60(b)(6). The Court finds that because the allegations supporting Bailey's Motion to Re-open under

Rule 60(b)(6) are essentially identical to those supporting his claim for relief under Rule 60(b)(1)-(3), his Motion to Re-open under Rule 60(b)(6) must be denied. See e.g. Transit Cas., 441 F.2d at 792 ("The reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)."). See also Hess, 281 F.3d at 215 n.11 (citing WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2264 for the proposition that "relief cannot be had under [Rule 60(b)] clause (6) if it would have been available under the earlier clauses.").

Finally, Bailey seeks to re-open this case pursuant to Rule 60(d)(1) and (3), which provide:

> (d) This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> ....
>
> (3) set aside a judgment for fraud on the court.

FED. R. CIV. P. 60(d). The Court first finds that because Bailey has not filed an independent action, he is not entitled to relief under Rule 60(d)(1). Second, the Court finds that Bailey is not entitled to Relief under Rule 60(d)(3). On this issue, the Fifth Circuit has held that a relief under Rule 60(b)(6) "based on 'fraud upon the court' is reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Wilson, 873 F.2d at 872 (citations omitted). See also id.

5

(explaining that the concept of fraud on the court "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.")(citations omitted).  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."  Id. (citations omitted).

In the present case, the Court finds that the complained of conduct on the part of Defendants does not rise to the level of fraud on the court.  Instead, the Court finds that the alleged conduct, if true, amounts to "less egregious conduct", see Rozier, 573 F.2d at 1338 (finding that the nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court), and is, therefore, governed by Rule 60(b)(3).  See Wilson, 873 F.2d at 872 ("Less egregious misconduct comes within the scope of Rule 60(b)(3)."). As explained above, for a motion under Rule 60(b)(3) to be timely, it must be filed within one year

6

of the date on which the final judgment from which relief is sought is entered.  Again, as Bailey's Motion to Re-Open was filed more than one year after the date on which the Final Judgment in this case was entered, it must be denied as untimely.

In sum, the Court finds that Bailey is not entitled to relief under Rule 60(b)(1), (2), (3) and/or (6), or under Rule 60(d)(1) or (3) of the Federal Rules of Civil Procedure.  Accordingly, the Court finds that his Motion to Re-open should be denied.

**B.  Motion for Sanctions**

Defendants have moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  This Rule provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

7

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
> (1) If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation....

F̲ED̲. R. C̲IV̲. P. 11(b) and c). In the present case, although the Court determined that Bailey's Motion to Re-open was not well taken, it cannot find that that Motion was presented solely for the improper purposes of harassing, cause unnecessary delay, or needlessly increase the cost of litigation. Accordingly, the Court finds that the Motion of Defendants for Sanctions should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Re-open [Docket No. 54] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants for Sanctions [Docket No. 56] is hereby denied.

SO ORDERED this the 30th day of October, 2008.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

8